## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRISTAL TERRY, SPECIAL ADMINISTRATRIX OF THE ESTATE OF ARTHUR BOLDEN, III, <br><br> AND <br><br> K.S., a minor, by her next friend, ALLENE BOLDEN, <br>         Plaintiffs, <br>   v. <br><br> THE UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, <br><br> and <br><br> BRYAN LYNN and ROBERT MACAN, in their individual capacities, <br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.  09-2094-EFM/DWB ) ) ) ) ) ) ) ) ) ) ) |

### FIRST AMENDED COMPLAINT

COME NOW plaintiffs, by counsel, and for their action against defendants, and each of them, state and allege the following:

### INTRODUCTORY STATEMENT

1. This is an action for money damages against the above named defendants by the Estate of Arthur Bolden , III, for violations of Arthur Bolden, III's constitutional rights and by K.S., a minor and heir-at-law of Arthur Bolden, III,  for the wrongful death of her father, Arthur Bolden, III.

## PARTIES

3. Cristal Terry is the duly appointed Special Administratrix of the Estate of Arthur Bolden, III, deceased, and brings this action on behalf of the Estate of Arthur Bolden, III.

4. K.S., a minor, is a resident of the State of Maryland, and is the heir-at-law of Arthur Bolden, III, deceased, and brings this action by and through her next friend, Allene Bolden.

5. Arthur Bolden, III, deceased (hereinafter "Decedent") was a citizen and resident of Wyandotte County, Kansas and the United States of America.

6. Defendant Unified Government of Wyandotte County, Kansas/Kansas City, Kansas (hereinafter "Unified Government"), is a municipal corporation, organized and existing under the laws of the State of Kansas, which operates and governs the Kansas City, Kansas Police Department and, in this cause, acted through its agents, employees, and servants who were its policy makers, and through individual defendants Bryan Lynn ("Lynn") and Robert Macan ("Macan"), and all other employees and agents involved in any aspect of the arrest, pre-trial detention, and injuries to and death of decedent.

7. Defendants Lynn and Macan are sued in their individual capacities and, at all times pertinent herein, were police officers, employed by defendant Unified Government and were acting under color of State law, pursuant to either official policy or the custom, practice and usage of defendant Unified Government.

## JURISDICTION

8. Upon information and belief, plaintiff states that each defendant is a citizen of the State of Kansas, and the amount in controversy exceeds $75,000.00.

9.  This court has jurisdiction over this matter, pursuant to 28 U.S. C. §§1331, 1332, 1343 and 42 U.S. C. §1983.

10.  Plaintiff invokes supplemental jurisdiction over the state law claims against defendants for common law violations which form part of the same case or controversy, pursuant to 28 U.S.C. §1367.

10.  Venue is proper in this district, pursuant to 28 U.S.C. §1391.

11.  That plaintiffs have complied with K.S.A. 12-105(b) and this action is timely presented.

## COUNT I
## Denial of Constitutional Right to Medical
## Treatment By Officers in Their Individual Capacities

12.  At all pertinent times herein, defendants Lynn and Macan acted under color of law, statute, ordinance, regulation, custom, or practice and pursuant to their authority as police officers of the City of Kansas City, Kansas.

13.  On or about February 23, 2009, notice required by K.S.A. §12-105(b) was given to the Unified Government, setting forth all information required by proper notice of the state law claims.

14.  On March 1, 2007, police initiated a slow-speed vehicular pursuit of a vehicle being operated by decedent Bolden, presumably for a minor traffic violation, after receiving prior authorization to do so from defendant Macan.

15.  At all relevant times, defendant Macan acted pursuant to his authority as a Field Supervisor for the Central Kansas City, Kansas Police Department Patrol Division.

16. After a short pursuit, defendant Macan and at least six other police officers, responded to the scene to assist in apprehending decedent Bolden.

17. Defendant Macan and other officers observed decedent Bolden held down by officers while he was handcuffed by officers.

18. Decedent Bolden was observed by officers to have respiratory distress and difficulty standing.

19. Defendant Macan and other officers carried decedent Bolden, who continued to display respiratory distress, to the street where he was laid down while they waited for another patrol car to arrive.

20. Decedent Bolden continued to exhibit respiratory distress and was unable to stand when the patrol car arrived.

21. Defendants Lynn and Macan, and other officers, were involved in placing decedent Bolden in the patrol car and observed decedent Bolden's obvious and serious medical needs, as well as his continuous pleas for help.

22. Decedent Bolden continued to exhibit serious, disabling, and life-threatening serious medical needs while in care, custody and control of defendants, who ignored him as he begged for help and ultimately died in the back seat of defendant Lynn's patrol car, while the conscious pain and suffering of the decedent was memorialized on the patrol car video.

23. As a direct and proximate result of the total control, acts, omissions and deliberate indifference to the decedent's serious medical needs, through intentional denial, delay and interference, decedent Bolden suffered conscious pain, suffering and mental cruelty while he was

deprived of the ability to seek the medical attention necessary to save his own life or increase his chance of survival.

24. At all pertinent times before, after and during the arrest and seizure of decedent Bolden, defendants failed to demonstrate any knowledge or training on any policy, practice or custom of the Unified Government, if any, regarding the provision of necessary medical attention to arrestees or pre-trial detainees.

25. Defendants disregarded an excessive risk to decedent's health and life, and such actions were objectively unreasonable based on decedent's obvious physical condition and serious medical needs both before and after his placement in defendant Lynn's patrol car.

26. The injuries, extended suffering, and untimely death of decedent were a direct and proximate result of the unlawful and deliberately indifferent actions by defendants, under color of State law, in denying medical care and treatment for decedent's serious medical needs.

27. The conduct of defendant Macan was unreasonable and unconstitutional in that he exhibited acquiescence and ratification towards the unconstitutional actions of those he supervised and personally participated in the unconstitutional deprivation of rights through his failure to prevent harm, failure to supervise and failure to provide a reasonable response to the serious medical needs of the decedent.

28. The conduct of defendants deprived the decedent of his rights, privileges, and/or immunities secured by the Constitution and/or federal law.

29. The actions of defendants violated the rights of decedent, as guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, for which defendants are individually liable.

30. Plaintiff is entitled to punitive damages due to defendants' wilful, wanton, deliberate, reckless, indifferent and unconstitutional conduct, and to deter others from like conduct.

31. Plaintiff is entitled to attorney fees incurred by this action pursuant to 42 U.S.C. § 1988.

WHEREFORE, the Estate of Arthur Bolden, III prays for judgment against the individual defendants for compensatory and punitive damages in amounts which are fair and reasonable, and for the costs of this action, including reasonable attorney's fees, and such other and further relief as the court may deem appropriate.

## COUNT II
### Denial of Constitutional Right to Medical Treatment by Defendant Unified Government

32. Plaintiff incorporates by reference the preceding paragraphs 1 through 30.

33. A special duty existed between the Unified Government and the decedent, as the decedent was in the exclusive custody, care and control of officers and employees of the Unified Government while he displayed obvious serious medical needs and begged for help he could not provide for himself.

34. By the affirmative exercise of its power to restrain the decedent's liberty so that decedent was rendered unable to care for himself, and at the same time failing to provide for his basic human need for reasonable safety and emergency medical care, the Unified Government transgressed the substantive limits on state action set by the Due Process Clause of the Constitution.

35. It was the policy and/or practice and custom of the Unified Government to authorize, permit and/or ratify the conduct of certain officers, including the individual defendants, to deny

and prevent prompt medical treatment of persons in the care and custody of its police force. These policies and practices of the Unified Government encouraged and caused constitutional violations by its police force including the violations of decedent's constitutional rights by Defendant officers.

36. Upon information and belief, the Unified Government has maintained a system of review of police conduct so defective and cursory as to be ineffective and to permit and tolerate the deliberate indifference by its police officers to the risks of serious medical needs of the individuals with whom its officers detain, arrest, transport or otherwise exercise custody and control, and this tolerance and/or ratification by the Unified Government was the moving force, proximate cause or affirmative causal link behind the conduct which caused decedent Bolden's suffering and death.

37. Defendant Unified Government, knowing of the likelihood that its law enforcement officers will come into contact with arrestees and pre-trial detainees requiring medical assistance, have failed to instruct, supervise, and train their employees and agents in such a manner as to assure the delivery of prompt medical care to persons with serious medical needs, and this failure was the moving force, proximate cause, or affirmative causal link behind the conduct causing decedent's suffering and death.

38. Alternatively, the Unified Government failed to enact or enforce a policy and/or practice and custom which would require officers to recognize and promptly respond to the serious medical needs of persons to whom they owed a special duty, i.e., those persons with serious medical needs in their custody or care.

39. Upon Information and belief, the Constitutional violations that were the moving, force, proximate cause, or affirmative causal link behind the conduct causing decedent Bolden's suffering and death, were ratified by officials of the Unified Government with final policy-making authority.

40. The individual defendants were acting under color of State law within the course and scope of their employment with the Unified Government when they committed their unlawful and deliberately indifferent actions toward the decedent, in denying medical care and treatment for decedent's serious medical needs.

41. Defendant officers were acting within the scope of their employment and pursuant to the policies, practices, and customs of the Unified Government, and such policies, practices and customs, enforced by the individual defendants, were the moving force, proximate cause, or affirmative causal link behind the conduct causing decedent's injuries, conscious pain, suffering and death. The Unified Government is therefore liable for the violations of decedent's Constitutional rights.

42. Plaintiff is entitled to attorney fees incurred by this action pursuant to 42 U.S.C. § 1988.

WHEREFORE, the Estate of Arthur Bolden, III prays for judgment against the Unified Government for compensatory damages in amounts which are fair and reasonable, and for the costs of this action, including reasonable attorney's fees, and such other and further relief as the court may deem appropriate.

## COUNT III
## NEGLIGENCE-WRONGFUL DEATH

43. All other paragraphs contained within this Civil Complaint are incorporated by reference as if fully set forth herein.

44. Defendant Unified Government failed to supervise and/or train its field officers and supervisors to properly respond to the urgent medical needs of individuals placed in its custody control and care.

45. Once placed in the care, custody and control of Defendant Unified Government, Decedent was unable to obtain medical care for himself.

46. Defendant Unified Government was negligent in the care, custody and control of Decedent Bolden due to its failure to provide necessary medical treatment to Decedent.

47. The negligence of Defendant Unified Government caused or contributed to cause Decedent's death.

48. As a result of the negligence of Defendant Unified Government Plaintiff K.S. has lost the society, companionship, comfort, protection, parental care, training, guidance and education from her father, Arthur Bolden, III.

WHEREFORE, Plaintiff K.S. prays for judgment against the Unified Government for $5,000,000.00, and for her costs, and such other and further relief as is just and equitable.

## COUNT IV
## NEGLIGENCE-WRONGFUL DEATH

49. All other paragraphs contained within this Civil Complaint are incorporated by reference as if fully set forth herein.

50. Defendants Lynn and Macan, while acting under the authority of the Unified Government, put Decedent in their care, custody and control.

51. Once placed in the care, custody and control of Defendant officers, Decedent was unable to obtain medical care for himself.

52. Defendants Lynn and Macan were negligent in the care, custody and control of Decedent Bolden due to their failure to provide necessary medical treatment to Decedent.

53. The negligence of Defendants caused or contributed to cause Decedent's death.

54. As a result of the negligence of Defendants, Plaintiff K.S. has lost the society, companionship, comfort, protection, parental care, training, guidance and education from her father, Arthur Bolden, III.

WHEREFORE, Plaintiff K.S. prays for judgment against the individual defendants for $5,000,000.00, and for her costs, and such other and further relief as is just and equitable.

Respectfully submitted,

COATES & LOGAN, LLC

/s/ Leo L. Logan
By_____
  LEO L. LOGAN         KS #9973
  ANGELA L. ANGOTTI   KS # 23676
  6804 West 107th St., Suite 250
  Overland Park, KS  66212
  Telephone:  (913) 381-4000
  Fax:  (913) 381-4011
  Email: lll@coateslogan.com
  Email: ala@coateslogan.com

ATTORNEYS FOR PLAINTIFFS

**JURY DEMAND**

Plaintiffs hereby demand trial by jury.

/s/ Leo L. Logan
_____
LEO L. LOGAN    KS # 9973

**CERTIFICATE OF SERVICE**

The undersigned does certify that the foregoing was filed in the case via the ECF system, which electronically serves all counsel of record, this 18th day of September, 2009.

/s/ Leo L. Logan
_____
LEO L. LOGAN                    #09973