IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRISTAL TERRY, SPECIAL ADMINISTRATOR OF THE ESTATE OF ARTHUR BOLDEN, III, <br><br>AND<br><br>KEI' ANNA SMITH, a minor, by her next Friend, ALLENE BOLDEN<br>     Plaintiff,<br><br>vs.<br><br>UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, and<br>BRIAN LYNN and ROBERT MACAN,<br>     Defendants. | Case No. 09-CV-2094 EFM/DWB |

## ANSWER OF DEFENDANTS BRYAN (sic BRIAN) LYNN AND ROBERT MACAN TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW, separate Defendants, Brian Lynn and Robert Macan, by and through their attorney, Sean P. McCauley of McCauley & Roach, LLC and for their answer to Plaintiffs' First Amended Complaint, state the following:

### INTRODUCTORY STATEMENTS

1. Defendants admit that Plaintiff has brought an action for monetary damages against them as Defendants; however, Defendants deny that Plaintiffs are entitled to damages or that their action has merit.

2. Plaintiffs' Complaint does not contain a paragraph 2.

## PARTIES

3. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and, therefore, deny the same.

4. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and, therefore, deny the same.

5. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and, therefore, deny the same.

6. Defendants admit that the Unified Government of Wyandotte County/Kansas City, Kansas is a municipal corporation organized and existing under the laws of the State of Kansas and that the Unified Government operates and governs the Kansas City, Kansas Police Department. Defendants deny the remaining allegations in Paragraph 5.

7. Defendants admit that they were employed as police officers by the Kansas City, Kansas Police Department at all times relevant to Plaintiff's Complaint. Defendants deny the remaining allegations contained in Paragraph 6.

## JURISDICTION

8. Defendants admit that they are citizens of the State of Kansas. Defendants deny the remaining allegations contained in Paragraph 8.

9. Defendants deny the allegations contained in Paragraph 9.

10. Defendants deny the allegations in paragraph 10 regarding supplemental jurisdiction.

10. Defendants admit that venue would be appropriate in this District, but deny that this court has appropriate territorial and subject matter jurisdiction over Plaintiff's claims.

11. Defendants deny the allegations in paragraph 11.

## COUNT I
## Denial of Constitutional Right to Medical
## Treatment by Officers in Their Individual Capacities

12. As to the allegations contained in Paragraph 12, Defendants admit that they were acting as police officers at all times relevant to Plaintiff's Complaint. Defendants deny the remaining allegations contained in Paragraph 12.

13. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and, therefore deny the same.

14. Defendants admit that a police vehicular pursuit was initiated, but deny the remaining allegations in paragraph 14.

15. Defendants admit that Defedant Macan was acting in his capacity as a sergeant with the Kansas City, Kansas Police Department, but deny the remaining allegations in paragraph 15.

16. Defendants admit that after a vehicular pursuit several officers of the Kansas City, Kansas Police Department responded to the scene. Defendants deny the remaining allegations in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 22.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31 and the allegations contained in the prayer for relief.

## COUNT II
## Denial of Constitutional Right to Medical Treatment by Defendant Unified Government

32. In responding to Paragraph 31 of Plaintiff's Complaint, Defendants incorporate their responses to Paragraphs 1-32 above.

33. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and, therefore, deny the same.

34. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and, therefore, deny the same.

35. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and, therefore, deny the same.

36. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and, therefore, deny the same.

37. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and, therefore, deny the same.

38. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and, therefore, deny the same.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants admit that they were acting in the scope of their employment, but they deny allegations contained in Paragraph 40.

41. Defendants admit that they were acting in the scope of their employement but they deny the remaining allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42 and the prayer for relief.

## COUNT III
## NEGLIGENCE-WRONGFUL DEATH

43. Defendants incorporate their responses to Paragraphs 1-42.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48 and the prayer for relief.

## COUNT IV
## NEGLIGENCE – WRONGFUL DEATH

49. Defendants incorporate their responses to Paragraphs 1-48.

50. Defendants admit that they were acting in the scope of their employment, but deny the remaining allegations in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54 and the prayer for relief.

55. Defendants deny any and all allegations which are not specifically admitted.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2. Plaintiff's causes of action are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are limited or barred by the provisions of the Kansas Tort Claims Act, K.S.A. § 75-6101 *et. seq.*

4. Plaintiff's claims are limited or barred by the decedent's own conduct. If the Plaintiff has suffered any damages, which Plaintiff denies, then those damages are a direct and proximate result of the decedent's own conduct, not the conduct of these Defendants, and decedent's own fault should be compared.

5. Plaintiff has failed to satisfy the notice requirements stated within K.S.A. § 12-105(b).

6. This court lacks subject matter jurisdiction over Plaintiff's claims.

7. Plaintiff lacks standing to bring this cause of action.

8. Defendants enjoy absolute and/or qualified immunity from liability for the conduct alleged to be actionable by Plaintiff in her Complaint.

9. Defendants conduct was neither the actual or proximate cause of the decent and/or the Plaintiffs' injuries.

10. Defendants assert that they acted at all times in good faith and reasonably believed that their actions were lawful and assert all defenses available under common law.

11. To the extent that Plaintiff's Complaint is construed as stating a claim for punitive damages, such claims are barred pursuant to K.S.A. § 60-3703.

12. Plaintiff's claims are limited and/or barred by K.S.A. § 60-1901, *et. seq.*

13. Defendants reserve the right to amend their answer to add additional affirmative defenses as discovery proceeds in this matter.

WHEREFORE, Defendants, Brian Lynn and Robert Macan, pray that Plaintiff take not by her Petition and that Defendants go forth with their costs.

Respectfully submitted,

**McCAULEY & ROACH, LLC**
8080 Ward Parkway, Suite 206
Kansas City, Missouri 64114
(816) 523-1700
FAX (816) 523-1708
smccauley@mrlaborlaw.com

/s/ Sean P. McCauley
Sean P. McCauley  #20174

Attorneys for Defendants
Brian Lynn and Robert Macan

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 1st day of October, 2009, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Leo Logan
Angela L. Angotti

7

Coates & Logan, LLC
6804 W. 107th Street, Suite 250
Overland Park, Kansas 66212
lll@coateslogan.com
ala@coateslogan.com
Attorneys for Plaintiffs

Ryan B. Denk
Gregory P. Goheed
McAnany, Van Cleave & Phillips, P.A.
707 Minnesota Avenue, Fourth Floor
P.O. Box 171300
Kansas City, Kansas 66117-1300

Attorneys for Defendant
Unified Government of Wyandotte County/
Kansas City, Kansas

                                                    /s/ Sean P. McCauley
                                                    Sean P. McCauley