IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRISTAL TERRY, SPECIAL )
ADMINISTRATRIX OF THE ESTATE )
OF ARTHUR BOLDEN, III, et.al., )
 )
         Plaintiffs, )
 )
vs. )
 ) Case No. 09-2094-EFM-DWB
THE UNIFIED GOVERNMENT OF )
WYANDOTTE COUNTY/KANSAS CITY )
KANSAS, *et al.*, )
a corporation, et al., )
 )
         Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the court is Plaintiffs' Motion to Strike or Determine the Sufficiency of Defenses in the Answer of Defendants Lynn and Macan, with supporting memorandum. (Docs. 11, 12.) Defendants Lynn and Macan ("Defendants") filed a response in opposition. (Doc. 17.) Plaintiffs did not, however, file a reply and the time to do so has expired. D.Kan. Rule 6.1(d)(1). Having reviewed the submissions of the parties, the Court is prepared to rule on these pending motions.

## BACKGROUND

Plaintiffs filed their Complaint on February 27, 2009, alleging the decedent was denied his Constitutional right to medical treatment by Defendants after he was apprehended by police following a vehicular pursuit. (Doc. 1.) Plaintiffs contend that Defendant officers exhibited deliberate indifference while decedent suffered "respiratory distress" that lead to his death. (*Id*., at 4.)

Defendants answered, generally denying Plaintiffs' claims.[1] (Doc. 9.) Defendants also pled various affirmative defenses, including the following which initially were the subjects of Plaintiffs' motion to strike:

> 2. Plaintiff's causes of action are barred, in whole or in part, by the applicable statute of limitations;
>
> 6. This court lacks subject matter jurisdiction over Plaintiff's claims;
>
> 8. Plaintiff has failed to properly serve Defendants;
>
> 11. Defendants assert that Plaintiff's claims are barred by doctrines of res judicata and collateral estoppel; and
>
> 13. To the extent that Plaintiff's Complaint is construed as stating a claim for punitive damages, such claims are barred pursuant to K.S.A. § 60-3703.

(*See* Doc. 9, at 5-6.)

---

[1] An Answer was also filed by Defendant Unified Government of Wyandotte County/Kansas City, Kansas (Doc. 5), but that answer is not involved in this motion.

Plaintiffs subsequently moved for leave to amend the Complaint. (Doc. 32.) After Plaintiffs agreed to redact any claim for punitive damages against Defendant The Unified Government, the motion for leave to amend was granted. (Doc. 37.) Plaintiffs' Amended Complaint was then filed (Doc. 38.)[2]

Defendants' Answer to the Amended Complaint[3] contained <u>some</u> of the same affirmative defenses as were raised in Defendants' answer to the original Complaint, including:

> 2. Plaintiff's causes of action are barred, in whole or in part, by the applicable statute of limitations;
>
> 6. This court lacks subject matter jurisdiction over Plaintiff's claims; and
>
> 11. To the extent that Plaintiff's Complaint is construed as stating a claim for punitive damages, such claims are barred pursuant to K.S.A. § 60-3703.

(Doc. 42, at 6-7.)

Plaintiffs argue that their motion to strike should be granted as to the above three affirmative defenses in Defendants' Answer to the Amended Complaint. The

---

[2] The Amended Complaint contained two new state law, wrongful death negligence causes of action. (Doc. 38 at 9-10.)

[3] Defendants also filed a Motion for Judgment on the Pleadings, arguing that Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted. (*See* Doc. 44.) That motion remains pending before the District Court.

Court will address only the validity of these three affirmative defenses.[4]

## **DISCUSSION**

Federal Rule of Civil Procedure 8 sets forth the general rules for pleading. Rule 8(b) informs the pleader how to challenge and place in issue some or all of the allegations in the complaint. Rule 8(b) directs the author of a responsive pleading to state in short and plain terms his defenses to each claim asserted against him and to admit or deny the averments upon which the adverse party relies. Fed. R. Civ. P. 8(b)(1). The failure to deny an allegation results in it being treating as admitted. *See* Fed. R. Civ. P. 8(b)(6).

Fed. R. Civ. P. 8(b) must be read in conjunction with Rule 8(d) which makes it clear that in framing an answer a party need not adhere to any technical forms of pleading. The pleader can employ any style he believes will yield a clear responsive pleading. "A pleader is free to select language that he believes most simply and clearly sets forth his claims or defenses." 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, §1281 at 518 (1990).

More importantly, all pleadings shall be construed so as to do justice.

---

[4] In their response to the motion to strike, Defendants withdrew the prior affirmative defense based upon *res judicata* and collateral estoppel. (Doc. 17 at 2.) In the Answer to the Amended Complaint, Defendants did not include the affirmative defense that Plaintiffs have failed to properly serve Defendants. (Doc. 42 at 6-7.) Therefore, neither of these two prior affirmative defenses have been preserved and neither are presently before the court.

Fed.R.Civ.P. 8(e). In other words, the particular language or form of the specific denial is not important as long as it is clear which allegations are being negated and which are not. *See* 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, §1261 at 383 (1990). "'Plain notice' of the issues being raised by defendant is all that is required at the pleading stage; the parties are provided with adequate discovery and pretrial procedures to develop in detail the facts pertinent to their various claims and defenses and the pleadings are not intended to carry that burden." *Id.*, at 384.

Fed. R. Civ. P. 12(f) provides that a court may order stricken from any pleading any *insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter. (Emphasis added). Rule 12(f) is also designed to enforce that pleadings be simple, concise, and direct as required under Rule 8(e). *See* 5A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, §1380 at 644 (1990). Rule 12(f) motions are generally disfavored. Striking a portion of a pleading is a drastic remedy. "In order to succeed on a motion to strike surplus matter from an answer, it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Id*. at 650. In the case of a challenge to the sufficiency of a

defense, what constitutes an insufficient defense depends upon the nature of the claim for relief and the defense in question.  "A motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits."   *See* 5A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, §1381, 658-681 (1990).

**1.     Statute of Limitations (affirmative defense 2).**

Plaintiffs argue that a two-year statute of limitations applies in this case. (Doc. 12, at 4.)  Plaintiffs continue that because the events at issue occurred within two years of the filing of the Complaint, "Plaintiff's claims are not barred by the applicable statute of limitations." (*Id.*)

Defendants respond that the statute of limitations defense is proper because they "anticipate that [Plaintiffs] will subsequently amend her petition [sic] to include other state law claims and ask the Court to exercise supplemental jurisdiction over them." (Doc. 17, at 3-4.)  Thus, "[i]f Plaintiff indeed adds additional state law claims, Defendants will contend that they are barred by the applicable statute of limitations and may also be barred because the Plaintiff failed to comply with K.S.A. 12-105(b)," the Kansas Tort Claims Act.  (*Id.*, at 4.)

At the time Defendants filed their initial Answer – as well as their response to Plaintiffs' motion – Plaintiffs had yet to move to amend the Complaint and the

Complaint contained no state law tort claims. (*See generally*, Doc. 1.) By Defendants' own admission, this affirmative defense did not apply to the facts and claims contained in Plaintiffs' initial Complaint, which was the Complaint Defendants were answering. As such, but for Plaintiffs' subsequent request to Amend the Complaint, the Court would have found the statute of limitations affirmative defense to be so unrelated to Plaintiffs' claims "as to be unworthy of any consideration as a defense . . ." 5A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, §1380 at 650.

Plaintiffs were, however, subsequently allowed to amend the Complaint to include the state law negligence claims Defendants were anticipating. (*See* Doc. 38, at 9-10.) Because Plaintiffs did not file a reply to Defendants' response, Plaintiffs have raised no arguments against Defendants' inclusion of this affirmative defense in regard to the newly pleaded state law tort claims. The Court thus **DENIES** Plaintiffs' motion to strike in regard to Defendants' statute of limitations affirmative defense.

### 2. **Subject Matter Jurisdiction (affirmative defense 6)**.

Plaintiffs contend that "federal district courts have subject matter jurisdiction over all § 1983 claims under the general federal question statute, 28 U.S.C. § 1331." (Doc. 12, at 2.) Plaintiffs continue that because the Complaint "plainly

states the constitutional violations upon which the claim for relief is based," the affirmative defense of subject matter jurisdiction "is insufficient as a matter of law . . ." (*Id.*, at 3.)

Defendants again respond that this affirmative defense was included in anticipation that Plaintiffs would amend the Complaint to include state law claims. Defendants contend that this defense "can be raised at any time" and, as such, striking it "would have no practical effect since Defendants could raise the issue of subject matter jurisdiction at any time as the case progresses." (Doc. 17, at 5.)

The Court agrees with Defendants' conclusion. Even so, the Court would have found inclusion of this affirmative defense to be improper until such a time as Plaintiffs amended the Complaint to include the state law claims Defendants are anticipating. By Defendants' own admission, this affirmative defense was thoroughly unrelated to the claims contained in the initial Complaint which Defendants were answering.

As stated above, however, Plaintiffs were allowed to amend the Complaint to include the state law negligence claims anticipated by Defendants. (*See* Doc. 38, at 9-10.) Because Plaintiffs did not file a reply to Defendants' response, Plaintiffs have raised no arguments against Defendants' inclusion of this affirmative defense in regard to the newly pled state law tort claims or the newly

pled allegation that the court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. (Doc. 38 at ¶ 10.) Therefore, the Court **DENIES** Plaintiffs' motion to strike in regard to Defendants' subject matter affirmative defense.

### 3. Punitive Damages (affirmative defense 11).[5]

Plaintiffs move to strike this defense, contending that "a claim for punitive damages in a civil complaint filed in federal court is governed by Fed. R. Civ. P. 9(g) which requires that all special damages be specifically stated in the pleadings." (Doc. 12, at 5, citing *William Ayres and Douglas Pickering v. AG Processing Inc, a Cooperative, et al.*, No. 04-2060-DJW, 2005 WL 1799261 (D.Kan. July 22, 2005)).

Defendants acknowledge that District Courts in Kansas "have held that a pleading of punitive damage claims is governed by Federal Rule of Civil Procedure 9(g)," but contend that "such a holding has not been subject to judicial scrutiny from the 10th Circuit Court of Appeals nor the U.S. Supreme Court." (Doc. 17, at 6.) Defendants apparently intend to argue on appeal that Plaintiffs' failure to comply with K.S.A. § 60-3703[6] "bars her punitive damage claim." (*Id.*)

---

[5] This was Affirmative Defense 13 in Defendants' original Answer. (Doc. 9, at 6.)

[6] K.S.A. 3703 is applicable to cases filed in Kansas state courts and holds that a party cannot include a claim for punitive damages in an petition "unless the court enters an order

According to Defendants, "[i]f the Court strikes Defendants' affirmative defense, Defendants would be precluded from asserting this argument on appeal." (*Id.*)

While the Court believes that this section of the state punitive damages statute is procedural rather than substantive, *cf.* ***Jones v. United Parcel Service, Inc.,*** __F.Supp.2d __, 2009 WL 2912510 * 7-8 (D. Kan., Sep. 9, 2009), the Court will allow Defendants to continue to present this affirmative defense for purposes of appeal, and thus **DENIES** the portion of Plaintiffs' motion to strike that raises the issue of pleading punitive damages.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike or Determine the Sufficiency of Defenses in the Answer of Defendants Lynn and Macan (Doc. 11) be **DENIED** as more fully set forth herein.

Dated at Wichita, Kansas, on this 21st day of December, 2009.

    s/ DONALD W. BOSTWICK
    DONALD W. BOSTWICK
    United States Magistrate Judge

---

allowing an amended pleading that includes a claim for punitive damages to be filed."