# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRISTAL TERRY, SPECIAL ADMINISTRATIX OF THE ESTATE OF ARTHUR BOLDEN, III,<br><br>and<br><br>K.S., a minor, by her next friend, ALLENE BOLDEN<br><br>*Plaintiffs*,<br><br>vs.<br><br>UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS,<br><br>and<br><br>BRYAN LYNN and ROBERT MACAN<br><br>*Defendants.* | Case No. 09-2094-EFM/DWB |

**MEMORANDUM AND ORDER**

This matter arises out of the death of Arthur Bolten, III, who died in police custody after being arrested and detained. The case contains both a survival action and a wrongful death action. The issues before the Court are: (1) whether Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted, with regard to Counts I and II; and (2) whether the voluntary dismissal of Plaintiff K.S. without prejudice will result in prejudice against the

-1-

Defendants.

Before the Court is Defendants' Joint Motion for Judgment on the Pleadings, and Plaintiff's Motion for Voluntary Dismissal of the Minor Plaintiff and Counts III and IV of the Amended Complaint without Prejudice (Docs. 43 and 80). For the following reasons, the Court denies the motion for judgment on the pleadings and takes the motion for voluntary dismissal without prejudice under advisement.

**I. Background**

These facts are taken from Plaintiffs' First Amended Complaint. On March 1, 2007, police initiated a slow-speed pursuit of a vehicle driven by Bolden. A short pursuit ensued, and other officers responded to the scene to assist in Bolden's apprehension. Police officers held Bolden down while he was handcuffed. Bolden exhibited respiratory distress, and he was carried by police first to the street, then to a patrol car. He continued to suffer respiratory distress and requested help, and subsequently died in the patrol car.

On February 27, 2009, Plaintiff Cristal Terry (Administratix of the Estate of Arthur Bolden, III) filed her complaint against several defendants – the Unified Government of Wyandotte County/Kansas City, Kansas, and the officers in their individual capacities. Thereafter, on September 17, 2009, Plaintiff Cristal Terry filed her amended complaint to add K.S. (a minor, heir at law) as a plaintiff. Counts I and II are survival actions by the Estate of Arthur Bolden, III. Plaintiff Estate alleges that the decedent was deprived of his rights, privileges, and/or immunities secured by the Constitution and/or federal law, and that Defendants are liable for Constitutional violations. It seeks compensatory damages, punitive damages, and attorney's fees.

Counts III and IV are wrongful death actions by K.S., the heir at law of Arthur Bolden, III. Plaintiff K.S. alleges the Defendants negligently caused the death of Arthur Bolden, III, and that as a result she has lost society, companionship, comfort, protection, parental care, training, guidance and education from her father. She seeks damages resulting from this loss, as well as costs.

On October 1, 2009, Defendants submitted their joint motion for judgment on the pleadings. Defendants' motion seeks to dismiss Plaintiff Estate's claims to the extent that this Court construes the amended complaint to include damages other than survival action compensatory damages permitted under 42 U.S.C. § 1983. They assert that Counts I and II by Plaintiff Estate could be construed as asking for wrongful death damages.

Plaintiffs filed a memorandum in opposition to the motion for judgment on the pleadings on October 13, 2009, in which they state that they clarify their claims as follows: Counts I and II are survival actions brought by the estate, not wrongful death actions; Counts III and IV are wrongful death actions brought by the heir at law, K.S.. Defendants filed a reply, which again requests the damages be limited to survival action compensatory damages.

On March 26, 2010, Plaintiff K.S. filed her Motion for Voluntary Dismissal of the Minor Plaintiff and Counts III and IV of the Amended Complaint Without Prejudice. If granted, the dismissal would allow only the survival actions by the Plaintiff Estate to proceed. Both defendants filed responses claiming that prejudice would result from the dismissal. Plaintiff K.S. then filed a reply in which she asserts that the Defendants would not be prejudiced.

## II. Analysis

### A. Defendants' Motion for Judgment on the Pleadings (Doc. 43)

Responsive pleadings have already been filed, and this motion is brought pursuant to Fed. R. Civ. P. 12(c) rather than Fed. R. Civ. P. 12(b)(6). This is a distinction without a difference as the standard is the same under Rule 12(c) and Rule (12)(b)(6).[1] To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[2] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[4]

An action arising under 42 U.S.C. § 1983 for violations of Constitutional rights resulting in death must be brought as a survival action by the estate of the decedent, rather than third parties.[5] A § 1983 claim must be based on a violation of the decedent's rights.[6] In addition, damages awarded in a survival action under § 1983 must be compensation for the harm resulting to the decedent

---

[1] *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

[2] *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[5] *Reindl v. City of Leavenworth,* 443 F.Supp.2d 1222, 1235 (D. Kan. 2006).

[6] *Naumoff v. Old*, 167 F.Supp.2d 1250, 1252-53 (D. Kan. 2001).

himself.[7] Such damages include "medical and burial expenses, pain and suffering before death, loss of earning based upon the probable duration of the victim's life had the injury not occurred, the victim's loss of consortium, and other damages recognized in common law tort actions."[8]

"The state wrongful death actions are not foreclosed by this approach; they remain as pendent state claims. But, of course, there can be no duplication of recovery."[9] Wrongful death damages under Kan. Stat. Ann. § 60-1904 include: "mental anguish, suffering or bereavement; loss of society, companionship, comfort or protection; loss of marital care, attention, advice or counsel; loss of filial care or attention; loss of parental care, training, guidance or education; and reasonable funeral expenses for the deceased."

In their motion, Defendants claim that Counts I and II fail to state a claim upon which relief may be granted because the counts could be construed as asking for wrongful death damages. Defendants also state that punitive damages are inappropriate because a punitive damages claim has not been brought and is not cognizable against Defendant Unified Government.

Counts I and II claim the decedent was subjected to injury, extended pain and suffering, mental anguish, and death due to the actions of Defendants. Further, Plaintiff Estate alleges that it is entitled to punitive damages as a result of the willful, wanton, reckless conduct of Defendants.

Plaintiff Estate has stated a claim that is plausible on its face. Pain and suffering before death are among the compensatory damages available in a survival action by an estate. The claims in Counts I and II include "injuries" and "conscious pain, suffering and mental cruelty" that the

---

[7] *Berry v. City of Muskogee*, 900 F.2d 1489, 1507 (10th Cir. 1990).

[8] *Id.*

[9] *Id.*

decedent suffered before his death. The facts, as presented by Plaintiff Estate and assumed to be true, support a plausible claim for relief. While it is true that Plaintiff Estate's requested recovery is loosely stated and could be construed to include damages allowed only under a wrongful death claim, it also specifically states facts that are plausible for recovery under a survival action. Therefore, Plaintiff Estate's claims may not be dismissed. To the extent that its claims may be construed to request damages specific to wrongful death claims, such as loss of companionship, such damages will not be permitted under the survival action.[10]

Accordingly, Defendants' motion for judgment on the pleadings is denied.

### B. Plaintiffs' Motion to Dismiss Party (Doc. 80)

"It is within the sound discretion of the court to grant or deny a motion to dismiss pursuant to Rule 41(a)(2)."[11] "Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'"[12]

"[A]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[13] "Prejudice does not automatically result to defendant from the filing of a second lawsuit."[14] The following factors are used to determine the existence of legal prejudice: "effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant;

---

[10]Punitive damages may be appropriate in certain cases. *Berry*, 900 F.2d at 1507. "Reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law, should be sufficient to trigger a jury's consideration of the appropriateness of punitive damages. *Smith v. Wade*, 461 U.S. 30, 51 (1983). However, punitive damages may not be awarded against a municipality under § 1983. *See Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981). Therefore, punitive damages may not be awarded against Defendant Unified Government/KCK.

[11]*Simons v. Southwest Petro-Chem, Inc.,* 130 F.R.D. 134, 135 (D. Kan.1990).

[12]*Am. Nat'l Bank & Trust Co. v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir.1991) (quoting rule).

[13]*Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir.1997).

[14]*Am. Nat'l.*, 931 F.2d at 1412.

insufficient explanation of the need for a dismissal; the present stage of litigation;" and any other circumstances unique to the case.[15]

Defendants argue that the factors weigh in their favor.[16] They claim that they have undertaken large expense and effort to defend the wrongful death claims. They reference eight months of trial preparation since Plaintiff K.S. was added, including the production of approximately 17,000 documents, preparation and production of witnesses for deposition, and written discovery. They claim they will be prejudiced by a second action because Plaintiff K.S. seeks to parcel out two claims while maintaining the others, which is a different kind of prejudice than that addressed by previous courts. Defendants state that such a strategy, involving the separate litigation of two cases involving the same basic facts, will result in duplicative costs and a waste of resources. In addition, they assert that other circumstances of the case suggest prejudice, including the possibility of duplicative awards in two trials, potential jury confusion in two trials, and the tolling of the statute of limitations for the minor K.S. that may result in spoilation of evidence. Finally, Defendants claim that Plaintiff K.S. fails to offer an explanation for her dismissal request.[17]

Plaintiff K.S. argues that it is premature to deprive the minor of her right to bring the wrongful death action at a later time. She claims that costs would be avoided rather than duplicated if the dismissal were granted. In addition, she argues that Defendants have invested little, if any, expense and effort based solely on Plaintiff K.S.'s claims that would not have been otherwise expended to

---

[15]*Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005).

[16]Defendants filed separate responses; however, their arguments will be discussed together for the purposes of this opinion.

[17]Defendants assert that Plaintiff likely seeks dismissal to avoid the taking of K.S.'s deposition. The same day Plaintiff K.S. submitted her motion for voluntary dismissal (March 26, 2010), she also filed a motion for a protective order forbidding her deposition.

defend the Plaintiff Estate's claims. Finally, Plaintiff K.S. states the present stage of litigation does not indicate prejudice because the case has not even been set for trial.

The Court has concerns about granting a dismissal without prejudice under Fed. R. Civ. P. 41(a)(2). The Court will schedule a hearing for oral arguments to be heard on the issue. Hearing is scheduled for Tuesday, June 8, 2010 at 2:00 p.m. Attorneys may appear by telephone. Accordingly, this motion is taken under advisement until the hearing. Should Plaintiff K.S. choose to convert her motion to one for dismissal with prejudice, the Court will cancel the hearing.

**IT IS ACCORDINGLY ORDERED** this 21st day of May, 2010 that Defendant's Joint Motion for Judgment on the Pleadings (Doc.43) is hereby denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Voluntary Dismissal of Party K.S. (Doc. 80) is hereby taken under advisement until the hearing.

**IT IS SO ORDERED**.

    /s Eric F. Melgren
    ERIC F. MELGREN
    UNITED STATES DISTRICT JUDGE