# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRISTAL TERRY, SPECIAL ADMINISTRATIX OF THE ESTATE OF ARTHUR BOLDEN, III,<br><br>and<br><br>K.S., a minor, by her next friend, ALLENE BOLDEN<br><br>   *Plaintiff*,<br><br> vs.<br><br>UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS,<br><br>and<br><br>BRYAN LYNN and ROBERT MACAN<br>   *Defendant.* | Case No. 09-2094-EFM/DWB |

**MEMORANDUM AND ORDER**

This matter came before the Court for a hearing on the 8th day of June, 2010, regarding Plaintiff K.S.'s motion to dismiss without prejudice. On March 26, 2010, Plaintiff K.S. filed her Motion for Voluntary Dismissal of the Minor Plaintiff and Counts III and IV of the Amended Complaint Without Prejudice. If granted, the dismissal would allow the survival actions by the Plaintiff Estate to proceed. Both Defendants filed responses claiming that prejudice would result from the dismissal.

-1-

On May 21, 2010, the Court issued an order in which it took Plaintiff's Motion for Voluntary Dismissal of the Minor Plaintiff and Counts III and IV of the Amended Complaint Without Prejudice under advisement pending a telephone conference on the matter. The standards for dismissal were set forth in that order and will not be set forth here again.[1]

At the hearing, Defendants argued that they have undertaken large expense and effort to defend the wrongful death claims. They asserted that they will be prejudiced by a second action because Plaintiff K.S. seeks to parcel out two claims while maintaining the others, which is a different kind of prejudice than that addressed by previous courts. Defendants stated that such a strategy, involving the separate litigation of two cases involving the same basic facts, will result in duplicative costs and a waste of resources.

Plaintiff argued that the minor K.S. would be subject to emotional distress if she were to continue as a plaintiff in this action. She also stated that it was premature to deprive the minor of her right to bring the wrongful death action at a later time. Plaintiff K.S. asserted that it is unlikely a wrongful death action would be brought later; however, because the minor plaintiff is the decedent's heir and may therefore benefit from the survival action, she does not want to preclude the minor plaintiff from that option, should the survival action result in an unfavorable outcome.

In this case, the Court would be unable to impose costs upon Plaintiff K.S. if she were to re-file her case at a later time in state court. This forecloses the possibility of compensating Defendants for the legal prejudice they might suffer as a result of duplicative costs, as previous cases have contemplated. Further, the type of prejudice that would result in this case is different from that addressed in most cases where a voluntary dismissal without prejudice is granted. Typically, a

---

[1]Doc. 110

voluntary dismissal without prejudice disposes of the matter until it is re-filed. When it is re-filed, the effort previously expended can be utilized in the second lawsuit without prejudice to the defendant. In this case, prejudice might result because the dismissal of Plaintiff K.S.'s claims would not dispose of the matter entirely; rather, it would simply result in forcing the defendants to defend two trials on substantially the same facts. As such, Plaintiff K.S.'s motion to dismiss without prejudice is denied.[2] Should Plaintiff K.S. seek dismissal with prejudice, however, the Court would evaluate such motion differently.

**IT IS ACCORDINGLY ORDERED** this 14th day of June, 2010 that Plaintiff's Motion for Voluntary Dismissal of the Minor Plaintiff and Counts III and IV of the Amended Complaint Without Prejudice (Doc. 80) is hereby denied.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[2]The minor plaintiff, sixteen years of age, must determine whether to proceed with her claims in this lawsuit, or move to dismiss her claims with prejudice and terminate her right to bring a second lawsuit. If necessary, a guardian ad litem may be appointed to aid in such a decision.