2465.00084

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRYSTAL TERRY, SPECIAL ADMINISTRATOR OF THE ESTATE OF ARTHUR BOLDEN, III,<br>        Plaintiff, | )<br>)<br>)<br>) |
| vs. | ) Case No. 09-CV-2094 EFM/DWB |
| UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY KANSAS, and<br>BRYAN LYNN and ROBERT MACAN,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

**COMES NOW,** the Defendant, the Unified Government of Wyandotte County/Kansas City, Kansas, pursuant to Fed. R. Civ. P. 26(c) and moves this Court for a protective order precluding the individually noticed depositions of Samuel Breshears, Michael Kobe, Terry Zeigler, and Kelly Herron as well as the noticed corporate representative deposition pursuant to Fed. R. Civ. P. 30(b)(6) of the Unified Government. The herein Defendant states the following in support of its Motion.

### I.    NATURE OF THE MATTER BEFORE THE COURT

Defendant, the Unified Government, brings the present Motion for Protective Order requesting that this Court enter an order precluding the individual depositions of Samuel Breshears, Michael Kobe, Terry Zeigler, and Kelly Herron as well as the corporate representative deposition of the Unified Government.  With respect to the individual depositions, the Unified Government raises two objections.  First, the individual depositions should be foreclosed as the only discovery which the parties

agreed needed to be completed within the proposed pretrial order submission and as represented by Plaintiff at the pretrial conference was the Rule 30(b)(6) corporate representative deposition of the Unified Government which had been noticed prior to the pretrial conference.  Second, correspondence from the Plaintiff's counsel makes clear that Plaintiff does not intend to abide by the limited scope of discovery at this stage of the proceedings in conducting the depositions.  Specifically, discovery in this matter was left open for the limited purpose of inquiring into in-custody deaths other than the in-custody death which is principally at issue in this case which is the death of Arthur Bolden.  Correspondence from the Plaintiff makes clear that Plaintiff's counsel intends to go well beyond this limited scope of discovery by inquiring directly into the Arthur Bolden matter as well as other matters beyond the limited scope of discovery.

Defendant also objects to the proposed Rule 30(b)(6) corporate representative deposition of the Unified Government which was filed on January 10, 2011.  Plaintiff had previously prepared and filed a corporate representative deposition of the Unified Government on August 31, 2010.  Defendant produced 2,848 pages of documentation in response to this deposition notice duces tecum and designated several witnesses to testify to the various subject identified under the original Rule 30(b)(6) deposition notice.  Plaintiff ultimately proceeded with only one of the depositions of the designated corporate representatives prior to the pretrial conference in question.  At the pretrial conference, Plaintiff indicated that the only discovery left to be completed was the remainder of the designated depositions under the original 30(b)(6) deposition notice.  Plaintiff never did take or request these remaining depositions.  Instead, Plaintiff has prepared and filed an entirely new Rule 30(b)(6) deposition notice identifying forty new

and different matters or categories for testimony which were not previously identified in the original Rule 30(b)(6) deposition notice. Additionally, the duces tecum request identified eleven new categories of documents to be produced.

Defendant raises five objections to this new Rule 30(b)(6) deposition notice. First, the parties had agreed in the Pretrial Order submission and at the pretrial conference that the only discovery left to be completed was the completion of the previously identified Rule 30(b)(6) depositions under the original notice filed in August 31, 2010. Accordingly, the only discovery permitted under the Court's Order was the completion of the original Rule 30(b)(6) deposition. The new Rule 30(b)(6) deposition notice goes beyond the agreed upon scope of discovery. Second, this is the second deposition notice and accordingly the second deposition of the Defendant Unified Government. As such, the proposed deposition violates Rule 30(a)(2)(A)(i) which prohibits a party from conducting a deposition without leave of court when a deponent has already been deposed in the case. As the Unified Government was already deposed under the original Rule 30(b)(6) deposition notice, the new deposition notice constitutes a second deposition of the Unified Government. Third, the deposition notice goes well beyond the permissible scope of discovery as permitted by the Court.

Fourth, with respect to the duces tecum portion of the Rule 30(b)(6) notice, Plaintiff failed to comply with Fed. R. Civ. P. 34 including providing the defendant thirty days to respond as is required by Fed. R. Civ, P. 30(b)(2) when a deposition notice duces tecum is directed towards a party. Finally, Plaintiff's deposition notice duces tecum with respect to items 1 through 8 which were previously requested under the original notice duces tecum constitutes an impermissible attempt to circumvent the deadline established

by this Court for filing of motions to compel which expired on December 9, 2010.

## II.     ISSUES PRESENTED

1.     Whether this Court should enter a protective order pursuant to Fed. R. Civ. P. 26(c) either forbidding the requested discovery from being completed?

## III.    FACTS RELATING TO PROCEDURAL HISTORY

1.     Plaintiff filed the present action on February 27, 2009. (Doc. #1). Following service of process this answering Defendant filed its Answer on April 2, 2009. (Doc. #5).

2.     On May 18, 2009 the Court entered its initial Order relating to planning and scheduling. (Doc. #10).

3.     On July 15, 2009 the original Scheduling Order was entered in this case. (Doc. #24). This initial Scheduling Order set a deadline for the close of all discovery on February 26, 2010. Id.

4,     On December 21, 2009 an Amended Scheduling Order was entered in the case extending the discovery deadline from February 26, 2010 to April 26, 2010. (Doc. #52).

5.     On March 5, 2010 another Amended Scheduling Order was entered extending the deadline for expert discovery to June 18, 2010 and leaving the deadline for the close of fact discovery on April 26, 2010. (Doc. #72).

6.     On June 17, 2010 Plaintiff filed a motion to re-open Plaintiffs' discovery on a limited issue (Doc. #123) and a Memorandum in Support (Doc. #124). Within this Motion and Memorandum in Support the Plaintiff requested that it be permitted to reopen fact discovery on the limited issue of in-custody death incidents which have been

encountered by the Kansas City, Kansas Police Department other than the incident which was the subject of this lawsuit - i.e. the Arthur Bolden matter.  The Defendant Unified Government filed a response indicating that it was not in opposition to the Plaintiffs' request to reopen discovery as to this very limited issue.  (Doc. #127).

7. On July 22, 2010 the Court entered a Final Scheduling Order extending discovery in this matter until September 30, 2010.  (Doc. #129).  This Final Scheduling Order with respect to Plaintiffs' Motion to Reopen Discovery on a Limited Issue (Doc. #123) expressly indicated that such Motion was granted and that such discovery shall be completed by the discovery deadline.  This Final Scheduling Order also set a final pretrial conference for November 9, 2010.  Id.

8. On August 31, 2010 Plaintiff prepared and filed a deposition notice duces tecum pursuant to Fed. R. Civ. P. 30(b)(6) directed to the Unified Government identifying eight matters or categories of testimony upon which representatives of the Unified Government were to testify and further identifying eight categories of documents to be produced.  Exhibit 1 and (Doc. #132).  In response to the Rule 30(b)(6) deposition notice the Defendant produced 2,848 pages of documents and designated several witnesses to testify as to the various subjects identified with the deposition notice. Plaintiff proceeded with the deposition of one of the witnesses but never requested the scheduling of the remaining witnesses designated by the Defendant.

9. In preparation for the pretrial conference the parties prepared and submitted a Joint Pretrial Order.  Within the draft Pretrial Order which was submitted to the Court under section 13 relating to discovery, the parties reported to the Court as follows,

> "Under the scheduling order and any amendments, all fact discovery was to be completed by September 30, 2010. Plaintiff initiated discovery on the limited issue granted by the court, but due to schedules and the number of witnesses designated by the UG in response to a 30(b)(6) notice, such discovery has not yet been completed. The parties agree that such discovery on the limited issue may be completed. Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions, or other pretrial preparations. Under these circumstances, the parties may conduct discovery beyond the deadline for completion of discovery if all parties are in agreement to do so, but the court will not be available to resolve any disputes that arise during the course of this extended discovery."

Exhibit 2, Pretrial Order Submission.

As indicated in the draft Pretrial Order sent to the Court, the only discovery left to be completed following the pretrial conference was completion of the Rule 30(b)(6) notice which was issued by the Plaintiff back on August 31, 2010. Furthermore, at the pretrial conference the Magistrate inquired of the Plaintiff what discovery was left to be completed and Plaintiff only identified completion of the previously noticed Rule 30(b)(6) deposition. Id.

10. Following the pretrial conference, the Court entered and Order continuing the pretrial conference. (Doc. #133). In this Order the Court set a deadline for December 9, 2010 for the filing of any remaining motions to compel discovery. Id. The Court additionally ordered that, "The parties may continue and complete discovery on a limited issue ((Doc. #123) by January 31, 2011." As referenced above, Doc. #123 was Plaintiff's Motion to Reopen Discovery on a Limited Issue. Therefore, the Court's Order permitted Plaintiff to "continue and complete" discovery on the limited issue of in-custody deaths other than Arthur Bolden.

11. After the entry of the Court's Order on November 10, 2010, the next communication from Plaintiff relating to requested discovery occurred via an e-mail received from the Plaintiffs' counsel on December 31, 2010 indicating that Plaintiff intended to conduct a new Rule 30(b)(6) deposition and additionally requesting individual depositions for the four individual witnesses Breshears, Kobe, Zeigler and Herron.

12. On January 4, 2011, after having had an opportunity to review the new Rule 30(b)(6) deposition notice, counsel for the Unified Government called Leo Logan, counsel for the Plaintiff, to discuss the new proposed discovery from Plaintiff. Specifically, defense counsel expressed concerns relating to the scope of discovery and concerns that the new proposed scope of discovery from Plaintiff exceeded the Court Order and was generally overly broad and fairly oppressive in what would be required from the Defendant Unified Government. In response, counsel for the Plaintiff, Leo Logan, indicated that he had not been primarily involved in the drafting of the new Rule 30(b)(6) notice and that he would confer with his co-counsel, Angela Angotti, to discuss the matter and that they would get back with defense counsel on that same date.

13. In response, co-counsel for the Plaintiff, Angela Angotti, sent an e-mail to defense counsel, Ryan Denk, dated January 4, 2011, the e-mail string for which is attached hereto as Exhibit 3. Over the next several days, counsel for the parties conferred via e-mail relating to the discovery dispute in question within this e-mail string. Exhibits 3, 4 and 5. Generally defense counsel expressed the same objections and concerns which are the subject of the present Motion for Protective Order as is reflected within the attached e-mails. During this conference process between counsel, Plaintiff's counsel

made it apparent that the four individual depositions proposed by the Plaintiff would be unlimited in scope and that such depositions would exceed the limited scope of discovery dictated by the express order of the Court.  Specifically, Plaintiff indicated that it is their position that any of the forty categories of testimony identified with the new Rule 30(b)(6) deposition notice would be appropriate matters for inquiry on these individual depositions.  As argued below, the forty categories of testimony go beyond the permissible scope of discovery.  Additionally, defense counsel inquired of Plaintiff on four separate occasions whether Plaintiff intends to make inquiry into the Arthur Bolden matter with the four individuals for which Plaintiff had requested deposition dates.  As the Court can view for itself, Plaintiffs' counsel obviously refused to answer these questions in essence stating that Defendants should appear at the deposition to learn those subjects upon which Plaintiff intends to make inquiry.  Exhibit 3, page 2.

14. With respect to the new Rule 30(b)(6) deposition notice, Plaintiff also makes clear that this is a new notice from the original Rule 30(b)(6) notice and that Plaintiff is not requesting that the Defendant produce the remaining designated witnesses under the matters for testimony from the original notice.  Exhibit 4.

15. By Deposition Notice filed on January 7, 2011, Plaintiff noticed up the depositions for Samuel Breshears and Michael Kobe on January 24, 2011 and Terry Zeigler and Kelly Herron on January 25, 2011.  Exhibit 5 and Doc. #134.

16. By Deposition Notice filed by the Plaintiff on January 10, 2011, Plaintiff issued a notice to take deposition duces tecum pursuant to Rule 30(b)(6) relating to the Unified Government eleven days later on January 21, 2011.  Exhibit 6 and Doc. #135. This new Rule 30(b)(6) deposition notice identified forty (40) new categories or matters

for testimony which had not been previously identified in the original Rule 30(b)(6) deposition notice. <u>See</u> Exhibit 1 and Exhibit 6. Additionally, the duces tecum request within the deposition notice requests production of nineteen (19) different categories of documentation the first eight of which had been requested and produced in response to the original Rule 30(b)(6) deposition notice issue on August 31, 2010 and the remaining eleven categories requesting new categories of documents to be produced.

17. The above stated facts and the attached exhibits demonstrate that the Defendant Unified Government conferred in good faith with Plaintiff's counsel relating to the discovery dispute which is at issue in the present motion.

## IV. ARGUMENT AND AUTHORITIES

### A. Legal Standard

Fed. R. Civ. P. 30(c) governs requests for protective orders and provides in pertinent part that,

> "(1) ***In general.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending - or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>     (A) forbidding the disclosure or discovery;
>     (B) specifying terms, including time and place, for the disclosure or discovery;
>     (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>     (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>     …
> (3) ***Awarding expenses.*** Rule 37(a)(5) applies to the award of expenses."

### B.     Individual Depositions of Breshears, Kobe, Zeigler and Herron.

This Defendant first requests this Court to enter a protective order pursuant to Rule 26(c) forbidding the individual depositions of Samuel Breshears and Michael Kobe set for January 24, 2011 and Terry Zeigler and Kelly Herron set for January 25, 2011. Defendant raises two objections to the requested depositions. First, the requested depositions should be precluded in their entirety as the only discovery which the parties agreed would be conducted at this stage of the proceedings would be the completion of the previously noticed Rule 30(b)(6) deposition which was noticed on August 31, 2010. Specifically, as described above, within the agreed upon Pretrial Order submitted to the Court prior to the November 9, 2010 pretrial conference, the parties agreed that the only discovery to be completed after the conference was the completion of the previously noticed Rule 30(b)(6) deposition which was issued on August 31, 2010. See Exhibit 2. Similarly during the pretrial conference conducted with the Court the Court expressly asked the Plaintiff what discovery was left to be completed to which Plaintiff replied that the completion of the previously noticed Rule 30(b)(6) deposition was the only discovery left to be completed. Accordingly, pursuant to the Court's Order following the November 9th conference the Court's Order indicated that Plaintiff was permitted to "continue" discovery on a limited issue citing Plaintiff's Motion to Conduct Discovery on the Limited Issue of Other In-Custody Deaths Excluding the Arthur Bolden matter. The only discovery remaining to be completed which would be "continued" as referenced within the Court Order was the previously noticed Rule 30(b)(6) deposition. Accordingly, any discovery beyond the completion of the depositions relating to the

original Rule 30(b)(6) deposition was precluded both by agreement of the parties and by order of this Court.

In the alternative, if this Court concludes that Plaintiff is permitted to conduct the individual depositions, Defendant asserts that the proposed scope of such depositions as proposed by Plaintiff should be limited to the limited issue upon which discovery remains open. The conference between defense counsel and Plaintiff's counsel makes clear that Plaintiff's anticipated scope of depositions for these individuals will go well beyond the limited scope of discovery. Specifically, as indicated within Exhibits 3 and 4, it is apparent that Plaintiff intends to make inquiry with respect to these four witnesses into the Arthur Bolden matter itself. Patently, any such inquiry is beyond the limited scope of discovery at this stage of the proceedings.[1]

The communications between Plaintiff's counsel and defense counsel additionally make clear that Plaintiff believes that any of the forty (40) matters of testimony identified within Plaintiff's Rule 30(b)(6) deposition notice would be permissible categories for inquiry with respect to any of these four witnesses. Exhibit 3, page 3-5. As discussed in more detail below, the forty (40) categories of testimony identified within the new Rule 30(b)(6) deposition notice go well beyond the limited scope of discovery in this matter. Accordingly, if this Court does permit the individual depositions to go forward, which this Defendant objects to, the scope of any inquiry to these witnesses should be limited to other in-custody deaths excluding the Arthur Bolden matter.

### C. New Rule 30(b)(6) Deposition.

Defendant, the Unified Government, next requests this Court enter an order

---

[1] It should be noted that general fact discovery relating to this matter was continued several times and left open for well over a year before it was closed. Plaintiff has had ample opportunity to conduct general discovery in this matter.

{K0338116.DOC; 1}   11

precluding the conduct of the new Rule 30(b)(6) deposition along with the attendant request for production of documents issued by the Plaintiff on January 10, 2011. (Doc. #135). Defendant raises five objections to the new Rule 30(b)(6) deposition notice. First, as referenced above, the only discovery permitted to be conducted after the pretrial conference was the previously agreed upon completion of the Rule 30(b)(6) deposition which was noticed on August 31, 2010. This new Rule 30(b)(6) deposition which does not have any of the same categories of testimony from the previous Rule 30(b)(6) deposition notice and has forty (40) new categories of testimony goes beyond that discovery which had been agreed to by the parties in the pretrial order submission and as permitted by this Court's Order.

The Defendant's second objection to the new Rule 30(b)(6) deposition is that the conducting of such deposition without leave of court is in violation of Fed. R. Civ. P. 30(a)(2)(A)(i) which provides in pertinent part that,

> "A party must obtain leave of court, and the court must grant leave
> to the extent consistent with Rule 26(b)(2):
> **(A)** If the parties have not stipulated to the deposition and:
> …
> **(ii)** The deponent has already been deposed in the case;"

In this case the deponent, the Unified Government, had previously been deposed under the original Rule 30(b)(6) deposition notice issued by the Plaintiff on August 31, 2010. This new deposition notice with forty (40) new categories of testimony, none of which were previously identified in the earlier deposition notice, constitutes a second deposition of the deponent, the Unified Government, which is precluded without leave of this Court.

The third objection to the new Rule 30(b)(6) deposition notice from the Plaintiff is that such notice patently exceeds the limited scope of discovery in this matter. The

subject matter upon which discovery remains open is limited by motion of the plaintiff and by order of this Court. This subject matter relates to in-custody deaths involving the Kansas City, Kansas Police Department other than the Arthur Bolden matter. An examination of the deposition notice reflects that most of the discovery requested by Plaintiff exceeds this limited scope of discovery. Plaintiff attempts to tie the requested discovery to in-custody deaths in a rather loose manner, however, an objective examination of such notice reveals this is a patent attempt to conduct general factual discovery outside of the discovery deadline. For example, category of testimony "P" requests the Unified Government to designate an individual to testify as to "all training provided to officers on how to use their discretion for the provision of medical attention prior to booking following any in-custody or arrest related death as exhibited by Exhibit A." This category very obviously and flimsily tries to tie Plaintiff's inquiry into training provided to officers relating to in-custody deaths. Indeed, this provision makes no sense in that officers would not use their discretion in the provision of medical care or attention "*following* any in-custody or arrest related death." Obviously after someone has died no medical attention can be rendered.

The deposition notice issued by the Plaintiff has numerous matters for testimony and request for production of documents which are similar to this request and patently are beyond the permissible scope of discovery. Upon examination, clear examples of requested matters for testimony beyond the permissible scope of discovery include subsections L, M, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, EE, II, JJ, KK, LL, MM, and NN. Similarly with respect to the requested documents to be produced requests nos. 9, 12, 13, 14, 15, 16, 18 and 19 similarly go clearly go beyond the permissible scope of

discovery.

The next two objections to the Plaintiff's new Rule 30(b)(6) deposition notices relate to the document production portion of such notice. Specifically, the duces tecum portion of the deposition notice requests the Defendant to produce nineteen (19) categories of documents, the first eight of which have been previously identified within the original Rule 30(b)(6) deposition notice issued on August 31, 2010 and the last eleven categories constituting new categories of documents. The first objection to the duces tecum portion of the deposition notice is that such notice fails to comply with Fed. R. Civ. P. 30(b)(2) which provides that,

> "If a subpoena duces tecum is to be served on the deponent, the materials designated for production as set on the subpoena must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."

The deposition notice in question fails to comport with Fed. R. Civ. P. 34 in that it fails to permit thirty days for the Unified Government to respond or state its objections to the requested categories of documents.[2] Indeed, the deposition notice duces tecum only provided the Unified Government with eleven days following issuance to produce the requested documentation.

The fifth and final objection to the duces tecum portion of the Rule 30(b)(6) notice relates to the first eight categories of documents requested to be produced. These eight categories of documents were requested by the Plaintiff's original Rule 30(b)(6) deposition notice issued on August 31, 2010. In response, the Unified Government produced over 2,800 pages of documents. Approximately one month following such

---

[2] Should this Court deny the requested protective order and order the Unified Government to comply with the documents requests in question, the Unified Government reserves its right to state further objections to the specific requests for production in accordance with Fed. R. Civ. P. 34.

document production, the parties conducted the pretrial conference on November 9, 2010. At that time, the Court inquired whether there were any discovery disputes which needed to be resolved. Plaintiff replied that they may need to file a motion to compel with respect to Defendant's response to the Rule 30(b)(6) deposition notice. Accordingly, the Court set the deadline of December 9, 2010 by which Plaintiff was to file any such motions to compel. This deadline came and went and Plaintiff failed to file any motions to compel. Plaintiff cannot now attempt to get around this deadline for filing of motions to compel by simply reissuing the request for document production in question. Such attempt by the Plaintiff is a patent attempt to subvert the Court issued deadline for filing of motions to compel.

## V.     CONCLUSSION

Based upon the foregoing, the Defendant, the Unified Government of Wyandotte County/Kansas City, Kansas hereby requests that this Court enter an appropriate order pursuant to Fed. R. Civ. P. 26(c) forbidding the Plaintiff from conducting the four individual depositions noticed for January 24 and 25, 2011 and further precluding the Plaintiff from conducting the Rule 30(b)(6) deposition noticed for January 21, 2011.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS
10 E. Cambridge Circle Drive, Suite 300
P.O. Box 171300
Kansas City, Kansas 66117-1300
Phone: (913) 371-3838
Fax: (913) 371-4722
Email: rdenk@mvplaw.com

 /s/ Ryan B. Denk
RYAN B. DENK               #18868
*Attorneys for Defendant*
*Unified Government of Wyandotte County /*
*Kansas City, Kansas*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 18th day of January, 2011, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Leo Logan
Angela L. Angotti
Coates & Logan, LLC
6804 W. 107th Street, Suite 250
Overland Park, Kansas 66212
lll@coateslogan.com
ala@coateslogan.com
*Attorneys for Plaintiffs*

Sean McCauley
MCCAULEY & ROACH
18080 Ward Parkway, Suite 206
Kansas City, Missouri 64114
smccauley@mrlaborlaw.com
*Attorney for Defendants*
*Brian Lynn and Robert Macan*

 /s/ Ryan B. Denk
Ryan B. Denk

{K0338116.DOC; 1}                16