# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRISTAL TERRY, Special Administratrix of the Estate of Arthur Bolden, III, ) ) ) ) Plaintiff, ) ) v. ) ) THE UNIFIED GOVERNMENT OF ) WYANDOTTE COUNTY/ ) KANSAS CITY, KANSAS, et al. ) ) Defendant ) _____ ) | Case No. 09-2094-EFM/KGG |

## MEMORANDUM & ORDER

Defendant has filed a motion for protective order (Doc. 136), challenging Plaintiff's efforts to depose four individual witnesses, and objecting to a Fed.R.Civ.P. 30(b)(6) notice issued by Plaintiff listing forty topics of inquiry and nineteen descriptions of documents to be produced. Defendant makes several objections, but primarily protests that the discovery is beyond the limited discovery authorized by the Court in its last order (Doc. 133), and that the new party deposition notice is in violation of the rules. Plaintiff disagrees, and also contends that the defense has failed to "meet and confer" concerning the dispute as required by Fed.R.Civ.P. 26(c)(1) and D.Kan. Rule 37.2. (Doc. 138.) Defendant's motion

is **GRANTED** as to the Rule 30(b)(6) notice and denied as to the individual depositions.

## FACTS

Discovery in this case was to have been completed on April 26, 2010 (Doc. 72, continuing an original deadline of February 26, 2010.) On June 17, 2010, Plaintiff filed a motion to re-open discovery "on the limited issue of other incidents of deaths in-custody which have been encountered by the Kansas City, Kansas Police Department." Defendant filed a response indicating agreement with re-opening discovery on other incidents of deaths in-custody which occurred up to ten years before the death of Plaintiff's decedent. (Doc. 127.) The Court entered a revised scheduling order July 22, 2010, extending the discovery period to September 30, 2010, granting the defense motion to re-open discovery on the limited issue, and setting a final pretrial conference for November 9, 2010. (Doc. 129.)

On August 31, 2010, Plaintiff issued a notice under Fed.R.Civ.P. 30(b)(6) to take the depositions of defense designees. (Doc. 132.) The request specified eighteen different topics of inquiry, and included a *duces tecum* notice requesting eight different categories of documents. (*Id.*) In response, Defendant produced a large volume of documents and designated several witnesses. Plaintiff deposed

one of the named witnesses, but did not attempt to schedule the depositions of the remaining witnesses. (Doc. 137, at 5.)

In preparation for the November 9, 2010, final pretrial conference, the parties submitted to the Court a draft Pretrial Order, which included the following jointly proposed order regarding the status of discovery:

> Under the scheduling order and any amendments, all discovery was to be completed by September 30, 2010. Plaintiff initiated discovery on the limited issue granted by the Court, but due to schedules and the number of witnesses designated by the [Defendant] in response to a [Fed.R.Civ.P.] 30(b)(6) notice, such discovery has not yet been completed. The parties agree that such discovery on the limited issue may be completed.

The proposed order also stipulated that unopposed discovery could continue after the discovery deadline if it did not interfere with other deadlines or require court intervention.[1]

The November 9, 2010, conference did not result in a final pretrial order. Rather, the pretrial conference was continued, and the parties were ordered to file any remaining motions to compel discovery by December 9, 2010. They were also ordered to complete discovery by January 31, 2011, on "a limited issue (Doc. 123)," referring to Plaintiff's previously granted motion to re-open discovery "on

---

[1] A draft Pretrial Order is not a pleading of record, but is submitted directly to the Court to assist the Court and parties in preparation for the final pretrial conference.

the limited issue of other incidents of deaths in-custody which have been encountered by the Kansas City, Kansas Police Department." (Doc. 133.)

Defendant claims that at the November 9 conference, Plaintiff's counsel stated that the only remaining discovery to be completed on the limited issue was the completion of the pending Fed.R.Civ.P. 30(b)(6) depositions, and the possible litigation of the adequacy of Defendant's previous responses to that notice. (Doc. 137, at 2-3.) Plaintiff disagrees with Defendant's description of that hearing, and states that although the August notice was the only pending discovery, Plaintiff did not limit its right to conduct other discovery on the limited issue. (Doc. 138, at 9-10.) The Court is unable to resolve this disagreement beyond reference to the order (Doc. 133) and the parties' submitted draft Pretrial Order.

On December 31, 2010, Plaintiff's counsel sent an e-mail communication to defense counsel indicating an intent to issue a new Rule 30(b)(6) deposition notice, and requesting the deposition of four named individuals. On January 4, defense counsel contacted Plaintiff's counsel and raised objections to the requests. Plaintiff's counsel asked co-counsel to respond, and a series of rather unhelpful e-mail communications ensued between counsel. These communications are marked by a hardening of the parties' positions concerning the agreed scope of discovery following the November 9 conference, and a puzzling reticence of Plaintiff's

counsel to clearly acknowledge any limitations on the topics to be covered with the proposed deponents. On January 7, 2011, Plaintiff issued a notice to take the four individual depositions on January 24 (Doc. 134), and on January 10, 2011, issued a new notice under Fed.R.Civ.P. 30(b)(6) for a party deposition to occur on January 21 (Doc. 135). The parties do not claim that any personal or telephonic communication occurred concerning this matter after the initial conversation on January 4, 2011. Defendant filed the present motion (Doc. 136) on January 18, 2011.

## DISCUSSION

**A.    Standard for Motion**.

Whether to issue a protective order is within the sound discretion of the Court. ***Thomas v. IBM***, 48 F.3d 478, 482 (10th Cir. 1995). Upon a showing of good cause, the Court may make any order "which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Such authority includes the Court's enforcement of its own orders, or the enforcement the Rules of Civil Procedure or the Court's rules. Defendant's claims in the present motion that the notices issued by Plaintiff are in violation of the Rules or in contravention of this Court's previous orders, if established, would entitle Defendant to relief.

**B.    The Obligation to Meet and Confer**.

Plaintiff objects to the present motion, in part, by arguing that Defendant failed to "meet and confer" as required by D. Kan. Rule 37.2. This rule provides that the Court will not entertain a motion to quash unless the moving party has made a reasonable effort to confer with opposing counsel prior to filing the motion. A "reasonable effort to confer" means more than mailing or faxing a letter to opposing counsel. *Stouder v. M&A Technology, Inc*., No. 09-4113-JAR, 2011 WL 673763, at *1 (D. Kan. Feb. 17, 2011). This Court has held that the rule is not satisfied by exchanging e-mail messages, but requires face to face or, at least, telephonic contact. *Stephenson v. Young*, No. 10-2197-KHV-KGG, 2010 WL 4961709, at *2 (D.Kan. Nov. 29, 2010).

The Court agrees that Defendant has not specifically complied with the intent of the rule. Although an initial telephone contact occurred from defense counsel, the subsequent efforts were limited e-mail communications. A personal meeting between counsel, even if it failed to completely resolve the dispute, would almost certainly have been more collegial in tone than the terse electronic messages, and could have resolved some of the pending issues. The Court would be justified under the rule in denying the present motion on this basis.

However, because of the peculiar history of this case, the Court declines to deny the motion on this basis.  Plaintiff contributed significantly to the compliance failure by notifying defense counsel of an intent to issue a voluminous Rule 30(b)(6) notice and document request, and a request to take four depositions one month before the discovery deadline (on New Year's Eve), failing to respond to reasonable requests for assurance that the depositions would not exceed the scope of the limited additional discovery approved by the Court, and issuing notices for the depositions a few weeks from the dates noticed, thus limiting the time to resolve the dispute.  While these facts do not excuse the movant's failure to comply, they suggest inequity in allowing Plaintiff to take advantage of a noncompliance in which she was complicit.  In the interest of justice, which includes moving this case to resolution, the Court elects to consider the merits of Defendant's complaints.

**C.     The Second Rule 30(b)(6) Notice**.

Defendant objects that Plaintiff's second deposition notice under Fed.R.Civ.P. 30(b)(6) violates Fed.R.Civ.P. 30(a)(2), which prohibits the second deposition of a deponent without leave of Court.  Defendant argues that it designated corporate deponents and produced documents under the first such notice, that one designated representative was deposed, and that it need not respond

again.  Plaintiff responds that the prohibition is not applicable because it actually deposed only one designated representative, whose testimony did not cover all of the subjects in the original notice.

Defendant's motion for a protective order prohibiting the second Rule 30(b)(6) notice is granted.  The Rule 30(a)(2) limitation on re-deposing a deponent without leave of court applies to Rule 30(b)(6) party deponents.  ***Foreclosure Management Co. v. Asset Management Holdings***, LLC, No. 07-2388-DJW, 2008 WL 3895474 (D. Kan. Aug. 21, 2008).  The fact that Plaintiff elected to complete the deposition of only one of the designated representatives does not change the fact that Plaintiff issued the notice and that the party has been deposed.

Further, the new deposition notice includes topics and document requests that duplicate those in the previous notice, or are beyond the scope of the limited discovery issue.  The Court agrees with Defendant that Plaintiff's dissatisfaction with any designations or document production from the first notice should have been addressed by appropriate motion filed on or before December 9, 2010.  The Court is convinced that even if leave of court had been requested, most of the witness topics and document requests would have been disallowed.

**D.     The Scope of Limited Discovery**.

Defendant's argument that the Court's order memorializing the November 9, 2010, hearing (Doc. 133) limited the methods of discovery available to Plaintiff is not supported by the record. That order limited the subject matter of remaining discovery to "the limited issue of other incidents of deaths in-custody which have been encountered by the Kansas City, Kansas Police Department." However, neither the Court's order nor the stipulation in the draft Pretrial Order contain language limiting Plaintiff to completing the depositions of witnesses previously designated under the August Rule 30(b)(6) notice. Therefore, the depositions of the four individuals noticed may proceed.

Plaintiff is admonished, however, that those depositions are restricted to the limited issue quoted. For further clarification, this means that those depositions and subjects are limited to the fact of, and factual circumstances surrounding, other incidents of deaths-in-custody of the Kansas City, Kansas Police Department within 10 years of the death of Plaintiff's decedent. The depositions may include inquiry into claims arising out of those incidents and resolution of those claims, and into disciplinary actions, if any, taken because of those incidents. The witnesses may be questioned concerning any knowledge they might have concerning changes in policy or training caused by those incidents. The discovery which may be

conducted is limited to the individual depositions of the four persons named. Additional or follow-on discovery may not be conducted without leave of court.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (Doc. 137) is **GRANTED in part** and **DENIED in part**. The portion of Defendant's motion seeking to quash the new Rule 30(b)(6) deposition notice (Doc. 135) is **GRANTED**. The portion of Defendant's motion seeking to quash the notice to take the depositions of the named individuals (Doc. 134) is **DENIED**. The **discovery deadline is extended** to **April 29, 2011,** for the sole purpose of completing the four depositions within the limitations specified in this ruling. The Court will set a status conference to discuss the remaining schedule.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 1st day of March, 2011.

                                          S/ KENNETH G. GALE
                                          KENNETH G. GALE
                                          United States Magistrate Judge